IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES LAWSON and ACCESS NOW, INC., a Florida not for profit corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MAIN AUTOMOTIVE SUPPLY, INC., an Oklahoma corporation d/b/a NAPA AUTO PARTS, )<br><br>Defendant. ) | Case No. CIV-04-325-M |

**ORDER**

Before the Court is "Plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs" [docket no. 45], filed March 17, 2005, and "Plaintiffs' Supplemental Motion for Attorney's Fees and Costs" [docket no. 50], filed April 13, 2005.  On April 18, 2005, Defendant filed its objection to Plaintiffs' motion and supplemental motion.  Based upon the parties' submissions, the Court makes its determination.[1]

I.   Introduction

On March 19, 2004, Plaintiffs James Lawson and Access Now, Inc. filed their complaint against Defendant Main Automotive Supply, Inc. d/b/a/ Napa Auto Parts.  Plaintiffs sought relief under the Americans with Disabilities Act ("Act" or "ADA"), 42 U.S.C. § 12101 et seq., and prayed

---

[1] While evidentiary hearings on the issue of attorney's fees may be generally preferred, *Michael A. Cramer, MAI, SRPA, Inc. v. U.S.*, 47 F.3d 379, 379 (10th Cir. 1995), courts have long accepted the proposition that there is no need for an evidentiary hearing in an attorney's fees case when a record has been fully developed.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).  In this case, the parties' submissions are thorough.  Additionally, neither party has requested a hearing.  Accordingly, the Court finds that a hearing is not necessary.  *See Sunny Meadows Dairy & Foods, Inc. v. Peerless Ins. Co.*, No. 5:05cv00227, 2005 WL 2716303, at *2, (W.D. Okla. Oct. 21, 2005).

for declaratory and injunctive relief.

On March 22, 2005, pursuant to the parties' "Joint Motion for Approval and Entry of Consent Decree," the Court approved a Consent Decree wherein Defendant agreed to perform certain alterations and improvements to the facility which is the subject of this lawsuit. The Court further agreed, at the parties' request, to retain jurisdiction over this matter to determine Plaintiffs' entitlement, if any, to an award of attorney and expert fees and costs, and to determine the amount of such fees and costs.

II.   Discussion

Under the ADA, the Court may, in its discretion, allow the prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205.

A.   Prevailing Party Status

The term "prevailing party" has been broadly interpreted by the Supreme Court. Under that Court's formulation "a plaintiff prevails if 'actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Caruthers v. Proctor & Gamble Mfg. Co.*, 177 F.R.D. 667, 669 (D. Kan. 1998). Under the ADA, consent decrees may serve as the basis for an award of attorney's fees. *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001). Although consent decrees do not always contain an admission of liability, they nonetheless effectuate a change in the legal relationship of the parties. *Id.* "[C]onsent decrees [therefore] create the *material alteration* of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* (emphasis added). A plaintiff who receives even nominal relief, accompanied by an enforceable

judgment or consent decree, is considered the prevailing party. *See Farrar*, 506 U.S. at 113; *see also LaRouche v. Kezer*, 20 F.3d 68, 71(2d Cir. 1994).

When this action was commenced, barriers existed at the subject facility. The parties entered into an agreed consent decree wherein Defendant agreed to multiple modifications and alterations which would better accommodate and be readily accessible to individuals with disabilities.[2] Defendant agreed to complete the modifications by April 30, 2005. Accordingly, in light of the terms of the Consent Decree, the Court finds Plaintiffs are the "prevailing parties" in this matter for purposes of section 12205 and, thus, are entitled to recover reasonable attorneys' fees, including litigation expenses and costs.

B.      Reasonableness of Attorneys' Fees

Plaintiffs have requested attorneys' fees in the amount of $26,654.00. Courts generally determine what fee is reasonable by calculating a "lodestar" figure by multiplying the total number of hours reasonably expended by a reasonable hourly rate and then adjusting the "lodestar" upward or downward to account for the particularities of the case. *See Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

Plaintiffs "'bear[] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates,'" *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). This burden is met by the submission of "meticulous, contemporaneous time records . . . ." *Case*, 157 F.3d at 1250. In support of their motion Plaintiffs have submitted an itemized billing statement, which describes the

---

[2] The parties agreed to multiple modifications pertaining to the facility's access ramp, entrance doors, checkout counter, drinking fountain, and the men's restroom.

services or acts performed by each attorney, the date of such services or acts and the number of hours the attorney expended.

1. Hours Expended

Defendant argue that Plaintiffs' use of "block billing" justifies a reduction in the number of hours for which Plaintiffs may recover. Recognizing that the records submitted by Plaintiffs could be more specific, and that "lumping multiple tasks into a single entry of time" is highly discouraged, *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000), the Court nevertheless finds the billing statement submitted by Plaintiffs should not be totally disregarded. The Court finds the statement is sufficiently precise in most instances for the Court to determine "for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks . . . .'" *Id.* at 1215 (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

Having discounted those hours claimed by Plaintiffs' counsel which are associated with travel[3], the Court finds the remaining hours claimed by Plaintiffs are neither excessive nor unwarranted. Thus, the Court finds Plaintiffs are entitled to recover for .2 hours for attorney Zweben, 31.1 hours for attorney Schwartz, 36 hours for attorney Nitz, 27.6 hours for attorney Johnson and 2.8 hours for local counsel Brett, for a total of 97.7 hours.

2. Hourly Rate

---

[3]The test for deciding whether travel costs are recoverable involves a determination of whether such costs are normally billed to the client in the locality and whether the amount sought is reasonable. *E.g., Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990). Travel "time, while necessary, is essentially nonproductive . . . ," *id*., and Plaintiffs have submitted no evidence or argument as to a "customary practice" of awarding fees for travel time in this locality. Accordingly, the Court finds that the attorneys' travel time will not be included in the Court's calculations of the number of hours reasonably expended.

Plaintiffs are seeking the following hourly rates:

(1)   $280.00 for Gregory E. Schwartz and Gene R. Zweben[4], who have not filed entries of appearance in this matter [5];

(2)   $265.00 for Stephan M. Nitz[6];

(3)   $225.00 for Bradley Johnson[7]; and

(4)   $150.00 for William T. Brett, Plaintiffs local counsel.

Absent unusual circumstances, "the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos*, 713 F.2d at 555. Having reviewed the parties' submissions, the Court finds no unusual circumstances in the case at bar and, accordingly, finds that the fee rates of the Western District of Oklahoma should be applied.

The instant Plaintiffs have provided no affidavits showing what attorneys in this market command for ADA cases. They have only advised that counsel in the case-at-bar are nationally recognized and have significant experience and knowledge in this type of litigation and that such experience and knowledge "separates . . . [them] from other counsel in the Western District of Oklahoma on less specialized litigation . . . ." Plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs at 14. Plaintiffs have further advised that no affidavits from attorneys practicing in Oklahoma were provided because they were unable to find any attorney familiar with this type of litigation and thus, "no one in the area was competent to draft such an [a]ffidavit." *Id*.

---

[4]Mr. Schwartz and Mr. Zweden were admitted to practice by the Florida State Bar in 1996.

[5]In this circuit, an entry of appearance is not required in order for the Court to consider an attorney eligible for fees. *E.g., Case v. Unified School District No. 233*, 157 F.3d 1243, 1252 (10th Cir. 1998).

[6]Mr. Nitz was admitted to practice by the Florida State Bar in 1995.

[7]Mr. Johnson was admitted to practice by the Florida State Bar in 2003.

at 15.

Plaintiffs instead have submitted Orders issued by two federal district court judges in Florida in which the rates of $280.00 and $265.00 were recognized as reasonable for attorneys admitted to practice in 1996 and performing similar work in comparable ADA cases. In response, Defendant has submitted the affidavit of Mark Weimer, an Oklahoma attorney, who has prosecuted cases under the ADA and who asserts that, based upon his personal knowledge and experience, $175.00 per hour is the market value for this type of litigation in the Western District of Oklahoma.

In light of Mark Weimer's affidavit, and in the absence of evidence from Plaintiffs, who bear the burden of establishing the prevailing rates for attorneys of similar skill and experience in this locality, but acknowledging the experience of Plaintiffs' counsel in this type of litigation, the Court finds, in its discretion and based upon its own knowledge, that $200.00 is a reasonable hourly rate for attorneys Zweben, Schwartz, and Nitz. This results in an award of legal fees in the amount of $40.00 ($200.00 x .20 hours) for Zweben's services, an award of legal fees in the amount of $6,220.00 ($200.00 x 31.1 hours) for Schwartz's services, and an award of legal fees in the amount of $7,200.00 ($200.00 x 36 hours) for Nitz's services.

The Court further finds the rate of $225.00 sought by attorney Johnson is excessive in light of Johnson's inexperience. The Court instead finds, in its discretion and experience, that $150.00 is a reasonable hourly rate for Johnson's services in this matter. The Court further finds that the rate of $150.00 sought by local counsel Brett is reasonable for Brett's services in this matter. This results in an award of legal fees in the amount of $4,140.00 ($150.00 x 27.6 hours) for Johnson's services and an award of legal fees in the amount of $420 ($150.00 x 2.8) for local counsel Brett's services.

Accordingly, the Court finds Plaintiffs are entitled to attorney fees in the total amount of $18,020.00.

C.     Litigation Expenses

Plaintiffs have also urged the Court to award expert fees in the amount of $2,280.00 for the services of Gilbert Mobley, of Tcherneshoff Consulting, Inc.  Mobley's invoice submitted by Plaintiffs reflects the number of hours Mobley expended, the tasks in which he was engaged or the manner in which his time was spent and the amount charged for such tasks or time.  The invoices do not reflect the dates the charged events occurred.

It is undisputed that section 12205 authorizes an award of expert fees to the prevailing parties as a litigation expense.  Although Defendant has contested the need for, and the reasonableness of Mobley's services, Defendant has offered no evidence in support of its challenges.  The Court finds under the circumstances that Plaintiffs are entitled to recover the sum of $2,280.00 for Mobley's services.

Plaintiffs have also requested that the Court award them certain expenses and costs; however, Plaintiffs did not timely submit a bill of costs.  While there is no dispute that section 12205 authorizes an award of litigation expenses and costs to prevailing parties, section 12205 does not excuse the requirement that a bill of costs, accompanied by supporting documentation, must be filed within fourteen (14) days of entry of the consent decree for those general costs recoverable under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Accordingly, in the absence of a timely-filed and supported bill of costs, the Court finds those amounts sought for fees of the clerk ($225.00), fees for service of process ($75.00) and fees for exemplification and copies of papers necessarily obtained for use in the case ($178.50) should be disallowed.

Plaintiffs further seek reimbursement for postage, faxes and research, which are recoverable under section 12205. The Court finds that these entries are adequately itemized, and absent any reason offered by Defendant why they are not reasonably related to the advancement of the lawsuit, that Plaintiffs are entitled to recover for postage, faxes, and research in the amount of $139.96.

Finally, Plaintiffs seek reimbursement for travel expenses for Nitz and Mobley. Such costs are ordinarily recoverable under section 12205, and, as to the travel expenses for Nitz, the Court finds that these expenses are adequately itemized and reasonably related to the advancement of the lawsuit. Accordingly, the Court finds Plaintiffs are entitled to recover $364.84 for travel expenses for Nitz. As to the travel expenses for Mobley, the Court finds it cannot evaluate the reasonableness of such expenses without any supporting documentation. *E.g., Mares*, 801 F.2d at 1208-09. The Court therefore finds Plaintiffs are not entitled to reimbursement for the travel expenses for Mobley.

III.   Conclusion

Based upon the foregoing, the Court GRANTS Plaintiffs' motion to the extent that Plaintiffs, as the prevailing parties, shall recover attorney's fees, including litigation expenses, and costs, in the total amount of $20,804.80.

**IT IS SO ORDERED this 25th day of January, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE